UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

          v.

SOFONZIA MACK,

                              Defendant.
_____

DECISION AND ORDER

17-CR-6159L

In September 2019, a jury convicted defendant Sofonzia Mack ("Mack") of a narcotics charge and being a felon in possession of a firearm. On January 8, 2020, this Court sentenced Mack principally to a term of 36 months imprisonment. Thereafter, Mack filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit and that appeal remains pending. Mack is currently housed at the Federal Correctional Institution, Allenwood Low.

Pending before the Court is Mack's thorough, *pro se* motion (Dkt. #156) for compassionate release pursuant to 18 U.S.C. § 3583(c)(1)(A). This motion is Mack's second motion for compassionate release. In April 2020, Mack filed a similar motion (Dkt. #130), but this Court denied the motion in a Decision and Order entered May 13, 2020 (Dkt. #134). Essentially, Mack asked this Court to reconsider its prior Decision claiming that circumstances concerning the COVID-19 virus has worsened at the Allenwood facility.

The Court denied Mack's first motion for several reasons. First, the Court determined that because Mack had filed a Notice of Appeal, this Court lacked jurisdiction to entertain the motion. Second, it appeared that Mack had not exhausted his administrative remedies as required by the

statute. And, finally, on the merits, the Court determined that Mack had failed to carry his burden of proving compelling and extraordinary reasons for release.

As to the present motion, the Government filed its Response (Dkt. #160) opposing the motion and the United States Probation Office for the Western District of New York filed a Report (Dkt. #161) concerning Mack's medical circumstances and the status of matters at Allenwood.

It appears now that the Government does not rely on Mack's failure to exhaust administrative remedies as a basis to oppose the motion. The Government urges the Court to deny Mack's motion to reconsider on the merits.

Mack's appeal is still pending before the Second Circuit, so this Court does continue to lack jurisdiction at this point to grant the motion. Aided by counsel, Mack has moved (Dkt. #158) for this Court to enter an Indicative Ruling pursuant to FED. R. CRIM. P. 37, indicating that if the matter were remanded to this Court, it would grant the motion. Rule 37 provides that in the circumstance presented here, the Court has three options: it may defer ruling on the motion until the appeal has been resolved; it may deny the motion; or it may issue an Indicative Ruling that it would grant the motion were it remanded. In this case, the Government urges the Court to rule pursuant to FED. R. CRIM. P. 37(a)(2) and deny the motion the merits.

After reviewing all of the matters submitted on the present motion, as well as the matters submitted previously which led to this Court's prior Decision (Dkt. #134) filed May 13, 2020 denying Mack's motion, I find Mack has failed to meet his required burden of showing extraordinary and compelling reasons to grant early release.

Mack's motion is, of course, based on the public health crisis involving the COVID-19 virus and the pandemic existing throughout the world. It is clear though the mere existence of the pandemic does not warrant automatic release of those serving terms of imprisonment for, in this

case, narcotics and a firearms offense. Mack, as the moving party, must show extraordinary and compelling reasons for release from the sentence imposed by the Court.

The Court must consider several factors in deciding whether release is appropriate. The focus should primarily be on Mack's personal health situation. A defendant's concern that he may contract the virus is not sufficient. Mack relies not only on his medical condition, but claims that his parents need assistance as well and that he suffers from some mental health issues. The Government does not contest that Mack has a history of lung conditions (bilateral pneumothorax). Otherwise though, Mack is young (39 years old) and otherwise appears in good physical health. Mack is classified at the lowest medical care level: Level 1, where it is deemed that he is generally healthy and has limited medical needs. The records indicate that Mack is receiving care and medication when necessary. According to the Government's Response, although Mack claims he is at serious risk if he should contract the virus, he apparently refused to receive the Moderna COVID-19 vaccine when it was offer to him a month ago in early January, shortly after he filed the instant motion. Those records demonstrate Mack's refusal to accept the vaccine. The other matters, including his parents' situation and mental health issues, are not sufficient to warrant release.

The Court must also consider the specific conditions at Allenwood. No facility is perfect and a fair number of inmates have contracted the virus. It does appear that Allenwood is taking steps to deal with outbreaks by separating prisoners according to procedures set forth in the Government's Response (Dkt. #160, pp. 10-12). Mack has the availability of medical assistance at the facility and there is no guarantee that he has similar access elsewhere in the community where, of course, the pandemic continues to be an issue.

The Court has also considered the sentencing factors under 18 U.S.C. § 3553(a). Mack was convicted in this case of a narcotics crimes, as well as the firearms offense. As the Government notes, Mack had previously been convicted in a state court of a narcotics offense.

## CONCLUSION

Defendant Sofonzia Mack's *pro se* motion (Dkt. #156) seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is in all respects DENIED on the merits and pursuant to FED. R. CRIM. P. 37(a)(2). Defense counsel's motion (Dkt. #158) for an Indicative Ruling, pursuant to FED. R. CRIM. P. 37(a)(3) is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 17, 2021.